IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01465-BNB

Crystal Victoria Balltrip

      Plaintiff,

v.

LIFE CARE CENTERS OF AMERICA, INC.,

      Defendant.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Crystal Victoria Balltrip, initiated a Title VII Complaint *pro se*.  The Court

must construe the Title VII Complaint liberally because Plaintiff is not represented by an

attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir. 1991).  However, the Court should act as an advocate for a *pro se*

litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Plaintiff will be

ordered to file an amended complaint if she wishes to pursue her claims in this action.

The Court has reviewed the Title VII Complaint and finds that it is deficient

because the Complaint does not comply with the pleading requirements of Rule 8 of the

Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the

opposing parties fair notice of the basis for the claims against them so that they may

respond and to allow the court to conclude that the allegations, if proven, show that the

plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v.*

*American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The

requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Plaintiff fails to provide a short and plain statement of her claims showing that she is entitled to relief. Her allegations are conclusory and vague and do not support the statements she makes under the "Nature of the Case" section in the complaint form. Plaintiff, therefore, will be ordered to file an amended complaint if she wishes to pursue her claims in this action. In order to state a claim in federal court, Plaintiff must explain what each defendant did to her, how the action harmed her, and what specific legal right she believes Defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

ORDERED that, **within thirty days from the date of this Order**, Plaintiff file an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as

discussed in this Order.  It is

FURTHER ORDERED that Plaintiff shall obtain the appropriate Court-approved

Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails within the time allowed to file an

amended complaint that complies with this order, the action will be dismissed without

further notice.

DATED June 17, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge